IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC KEITH LYNN,

    *Petitioner*,

v.                                    Case No.: 4:20cv229-MW/MJF

RICKY D. DIXON,

    *Respondent.*
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 17, and has also reviewed *de novo* Petitioner's objections, ECF No. 20. Only one of Petitioner's objections requires further comment. Namely, Petitioner asserts that he is entitled to habeas relief on Ground One because the First DCA failed to address an additional contention he made in his postconviction appellate brief, namely, that defense counsel's performance with regard to the trial court's response to the jury question was deficient for the additional reason that counsel failed to make a *procedural* objection based on the trial court's responding "outside the presence of counsel and Appellant." *See* Doc. 11-7, Ex. W at 20-22 (Petitioner's counseled state postconviction appellate brief). Petitioner's state-court appellate brief argued that Petitioner was prejudiced by the

lack of a procedural objection because: "If counsel had objected to the trial court's instruction made outside the presence of counsel and Appellant, the trial court would have been required to instruct the jury that it was possible to read-back specific portions of testimony." *Id*. at 22.

Petitioner's argument does not demonstrate an entitlement to habeas relief. The First DCA is presumed to have resolved all aspects of Petitioner's ineffective-assistance claim. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary); *Id*. at 100 ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"); *see also Johnson v. Williams*, 568 U.S. 289, 300-01 (2013) (holding that for purposes of § 2254(d), when a state court rules against a defendant in an opinion that rejects some of the defendant's claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits).

The First DCA ruled that Petitioner's ineffective-assistance claim failed as a whole because it was grounded in the faulty premise that the trial court's response to the jury was incorrect under Florida law. The First DCA determined, as a matter

of state law, that the trial court's response to the jury's question was correct. This Court will not second-guess the First DCA's determination of that state-law issue. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005); *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) ("[A]lthough 'the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension,' we 'must defer to the state's construction of its own law' when the validity of the claim that [trial] counsel failed to raise turns on state law.") (citation omitted).

The First DCA's underlying ruling—that the trial court's response to the jury's question was correct—forecloses Petitioner's ability to establish prejudice under *Strickland*. In other words, Petitioner cannot establish that he was prejudiced by counsel's lack of objection—whether substantive, procedural, or both—because neither objection would have changed the trial court's response to the jury, or the outcome of Petitioner's trial. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

Because Petitioner failed to establish that the First DCA's denial of his ineffective-assistance claim raised in Ground One was contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), he is not entitled to habeas relief.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 17, is **accepted and adopted**, over the Petitioner's objections, as this Court's opinion. The Clerk shall enter judgment stating, "Petitioner's petition for writ of habeas corpus, ECF No. 1, challenging the judgment of conviction and sentence in *State of Florida v. Eric K. Lynn*, Leon County Circuit Court Case No. 2010-FC-1041, is **DENIED**." A certificate of appealability is **DENIED**. The Clerk shall close the file.

**SO ORDERED on April 12, 2022.**

*s/Mark E. Walker*
**Chief United States District Judge**
